IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOULGAS M. PELUSE,           )
    Petitioner,              )    Civil Action No. 09-144 Erie
                             )
v.                           )
                             )    Magistrate Judge Susan Paradise Baxter
RAYMOND SOBINA, et al.,      )
    Respondents.             )

# OPINION AND ORDER[1]

Petitioner Douglas M. Peluse is a former state prisoner who had been incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI Albion"). He filed with this Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he alleged that the Pennsylvania Board of Probation and Parole denied him parole in violation of his due process rights. The records department at SCI Albion has confirmed that Petitioner has completed his term of imprisonment and has been released from incarceration. Therefore, this case will be dismissed as moot.

## I.

**A.**     **The Doctrine of Mootness**

Mootness has been described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Rosetti v. Shalala, 12 F.3d 1216, 1224, n.19 (3d Cir. 1993) (citation omitted). The general principle of mootness is derived from the standing requirement set forth

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

in Article III of the Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); see also Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 810-11 (3d Cir. 1989) ("Federal courts, having jurisdiction only to decide actual cases and controversies, are 'without the power to decide questions that cannot affect the rights of litigants in the case before them.'"), quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971). As such, "a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996). See also Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir. 2009), cert. denied, — U.S. — , 130 S.Ct. 458 (2009) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit."). Thus, if developments occur during the course of litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Id.; see e.g., Lane v. Williams, 455 U.S. 624 (1982). Such is the case here. Through the mere passage of time, Petitioner has been released from state custody. In these circumstances, no live controversy remains. The relief Petitioner sought is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the litigation. Accordingly, there is no case or controversy for this Court to consider, and the amended petition will be dismissed as moot.

**B.     Certificate of Appealability**

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition should be dismissed as moot. Accordingly, a certificate of appealability should be denied.

## II.

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be dismissed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOULGAS M. PELUSE, | ) | |
| Petitioner, | ) | Civil Action No. 09-144 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| RAYMOND SOBINA, et al., | ) | |
| Respondents. | ) | |

## ORDER

AND NOW, this 4th day of August, 2011;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED and that a certificate of appealability is denied. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record:

Douglas M. Peluse
1626 Pin Oak Drive
Pittsburgh, PA 15237